**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM THOMAS PATES,<br><br>Plaintiff<br><br>v.<br><br>SAM'S EAST, INC.;<br>d/b/a SAM'S CLUB STORE #8175,<br><br>Defendant | CIVIL DIVISION<br><br>Civil Action No.: 1:26-CV-02056-JFS<br><br>The Honorable Joseph F. Saporito, Jr. |

**ANSWER WITH AFFIRMATIVE DEFENSES**

AND NOW, comes Defendant Sam's East, Inc., d/b/a Sam's Club Store #8175 (hereinafter "Sam's Club") by and through its counsel, Rebecca Sember Izsak, Esquire, Jonathan Danko, Esquire, and Thomas, Thomas & Hafer, LLP, and hereby files its Answer with Affirmative Defenses to Plaintiff's Complaint, averring as follows:

**COMPLAINT**

1. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, Sam's Club believes Plaintiff is who he says he is.

2. Admitted.

3. Admitted in part, denied in part. It is admitted only that, at all times material hereto, Sam's Club operated the Sam's Club store located at 6781 Grayson Road, Harrisburg, Pennsylvania. The remaining averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

## JURISDICTION AND VENUE

4. Denied. The averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

5. Denied. The averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

## FACTUAL BACKGROUND

6. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial.

7. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial.

8. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial.

9. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial.

10. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial.

11. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains

conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial.

12. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial.

13. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial. By way of yet further answer, it is specifically denied that Sam's Club acted in a careless manner whatsoever and strict proof thereof is demanded at the time of trial.

14. Denied. The averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

15. Denied. The averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

**COUNT I – NEGLIGENCE**
**WILLIAM THOMAS PATES v. SAM'S EAST, INC. d/b/a SAM'S CLUB STORE #8175**

16. The corresponding paragraph to the Complaint is an incorporation paragraph to which no responsive pleading is required. To the extent a responsive pleading is required, Sam's Club incorporates the foregoing paragraphs of its Answer by reference as if set forth fully herein at length.

17. Denied. The averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

18. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the factual averments contained in the corresponding

paragraph, and its subparts (a) – (f), of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph, and its subparts (a) – (f), of the Complaint contain conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial. By way of yet further answer, it is specifically denied that Sam's Club was negligent in any manner whatsoever and strict proof thereof is demanded at the time of trial.

19. Denied. The averments contained in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required. To the extent and response is deemed required, they are denied, and strict proof thereof is demanded at the time of trial.

20. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial. By way of yet further answer, it is specifically denied that Sam's Club acted in a negligent or careless manner whatsoever and strict proof thereof is demanded at the time of trial.

21. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial. By way of yet further answer, it is specifically denied that Sam's Club acted in a negligent or careless manner whatsoever and strict proof thereof is demanded at the time of trial.

22. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial. By way of yet further answer, it is specifically denied that Sam's Club acted in a negligent or careless manner whatsoever and strict proof thereof is demanded at the time of trial.

23. Denied. Sam's Club is without sufficient information or knowledge to affirm or deny the truth of the averments contained in the corresponding paragraph

of the Complaint and, therefore, Sam's Club demands strict proof thereof at trial. By way of further answer, the corresponding paragraph of the Complaint contains conclusion of law to which no response is required. To the extent a response is deemed required, they are denied and strict proof thereof is demanded at the time of trial. By way of yet further answer, it is specifically denied that Sam's Club acted in a negligent or careless manner whatsoever and strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Sam's Club respectfully requests that Plaintiff's Complaint be dismissed and that judgment be entered in its favor without costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or statute of repose, and, therefore, the cause(s) of action should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that may be revealed in discovery, Plaintiff's Complaint fails to join necessary and indispensable parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

Any alleged injuries sustained by Plaintiff was caused or contributed to, in whole or in part, by the negligence of fault of third parties over whom Sam's Club had no control and for whose conduct Sam's Club was not responsible; such negligence of other parties was the sole proximate cause of, or an intervening, superseding, or insulating cause of Plaintiff's alleged injuries. Sam's Club is entitled to an assessment of the relative degree of fault of all such persons and entities, and corresponding reduction in damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, as alleged in the Complaint, were caused, in whole or in part, by the superseding intervention of causes outside of the control of Sam's Club.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages were pre-existing in nature and did not result from any alleged actions and/or inaction of Sam's Club.

## EIGHTH AFFIRMATIVE DEFENSE

The liability of Sam's Club, if any, to Plaintiff shall be limited to that proportion of the total dollar amount awarded as damages in the ratio of the amount

of Sam's Club's liability to the amount of liability attributed to all defendants and other persons to whom liability is apportioned, including both named and unnamed parties.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or reduced by the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102 et seq. Any damages sustained by the Plaintiff, as alleged in the Complaint, were caused or contributed to be caused by the comparative fault, culpable conduct, contributory negligence, recklessness and/or carelessness of Plaintiff, in general, and in the following particulars:

a. In failing to see what was there to be seen;
b. In failing to act with due care and caution for his own safety; and
c. In failing to anticipate and/or avoid a known and/or obvious danger.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Plaintiff was fully aware of his surroundings and, to the extent any condition existed, such condition, if any, was visible and/or open and obvious to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff obtains any judgment against Sam's Club, Sam's Club is entitled to a setoff based upon any amounts that Plaintiff may have already collected or become entitled to collect from other sources in compensation for the injuries or damages alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any danger in that he had knowledge of the danger and appreciation of that danger, and voluntarily exposed himself to that danger.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's actions were the sole proximate cause of his injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any amount that may be awarded to Plaintiff against Sam's Club should be reduced by the amount received from or indemnified by any release agreement and/or release of obligation of payment, whether via forgiveness, write off, set-off or other means, in favor of Plaintiff or any general or joint tort release entered into by Plaintiff.

**WHEREFORE**, Sam's Club respectfully requests that Plaintiff's Complaint be dismissed and that judgment be entered in its favor without costs.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**THOMAS, THOMAS & HAFER LLP**

By:______________________________

Rebecca Sember Izsak, Esquire
PA ID No. 74584
Jonathan Danko, Esquire
PA ID No. 314653
225 Grandview Avenue, Fifth Floor
Camp Hill, PA 17011
(717) 441-3957
rsember@tthlaw.com
jdanko@tthlaw.com
*Attorneys for Defendant*

Date: September 24, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM THOMAS PATES,<br><br>Plaintiff<br><br>v.<br><br>SAM'S EAST, INC.;<br>d/b/a SAM'S CLUB STORE #8175,<br><br>Defendant | CIVIL DIVISION<br><br>Civil Action No.: 1:26-CV-02056-JFS<br><br>The Honorable Joseph F. Saporito, Jr. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing ***Answer with Affirmative Defenses*** was caused to be served on the parties and counsel via ***Electronic Court Filing***:

Christopher J. Marzzacco, Esquire
Rebecca L Bailey, Esquire
Marzzacco Injury Law
945 East Park Drive, Suite 103
Harrisburg, PA 17111
cmarzzacco@klnivenlaw.com
rbailey@klnivenlaw.com
*Attorneys for Plaintiff*

**THOMAS, THOMAS & HAFER LLP**

Jonathan Danko, Esquire

Date: September 24, 2026